UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Muhammad Zeeshan,<br><br>               Petitioner<br><br>v.<br><br>Pamela Bondi, et al.,<br><br>               Respondents | Case No. 2:25-cv-02613-CDS-DJA<br><br>Order Granting Petition for Writ of Habeas Corpus and Denying as Moot Petitioner's Motion for a Temporary Restraining Order<br><br>[ECF Nos. 9, 10] |

       In 2020, an immigration judge ordered the removal of petitioner Muhammad Zeeshan. *See* Pet'r's Ex. 3, ECF No. 9-4 at 2. Zeeshan appealed that decision, but the Board of Immigration Appeals denied relief in 2023, and the Second Circuit Court of Appeals denied his petition for review in 2024. Pet., ECF No. 9 at 4; *see also Zeeshan v. Garland*, 2024 WL 4588495 (2d Cir. Oct. 28, 2024). On July 31, 2025, Zeeshan was taken into custody at the Canadian border in Montana. Pet'r's Ex. 2, ECF No. 9-3 at 7. Almost one month later, he received a Decision to Continue Detention, which incorrectly stated that he was being detained because of a criminal record. ECF No. 9-4; ECF No. 9-3 at 8 (stating that Zeeshan "has no criminal history"). Zeeshan remains in immigration custody at the Nevada Southern Detention Center. ECF No. 9-3.

       On January 27, 2026, Zeeshan filed a first amended petition for writ of habeas corpus and a motion for a temporary restraining order seeking his release. Pet., ECF No. 9; Mot., ECF No. 10. The respondents do not oppose the petition to the extent that it seeks relief on the issue of whether there is a significant likelihood of removal in the reasonably foreseeable future. *See* Resp., ECF No. 11. But the respondents neither concede Zeeshan's other arguments nor waive any defenses with respect to the petition. *Id.*

       For the reasons stated herein, Zeeshan's petition for writ of habeas corpus is granted, and his motion for a temporary restraining order is denied as moot.

## I. Background

In the petition, Zeeshan brings four claims for relief. *See* ECF No. 9. First, he claims that his continued detention violates his Fifth Amendment right to due process because his removal is not reasonably foreseeable. *Id.* at 11. Second, the claims that his continued detention violates the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a)(6). *Id.* at 13. Third, he claims that ICE's policy to remove noncitizens to a third country with no notice or opportunity to seek fear-based protection violates his Fifth Amendment right to due process and constitutes arbitrary and capricious agency action in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706. *Id.* Fourth, he claims that his detention in immigration custody pursuant to recent ICE policy regarding third country removal violates the Fifth Amendment's Due Process Clause. *Id.* at 15.

As for relief, Zeeshan asks this court to declare his continued detention unlawful, order his immediate release, bar the respondents from re-detaining him absent proof of changed circumstances making removal reasonably foreseeable, and prohibit the respondents from removing him to a third country absent notice and due process. *Id.*

## II. Discussion

As a threshold matter, I find that I have jurisdiction over this action because Zeeshan is challenging the constitutionality of his immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (explaining a district court may review immigration-related detentions to determine if they comport with the requirements of the Constitution).

As for due process, the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to due process's requirements. *See id.* at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."). And the Supreme Court has repeatedly recognized "that civil commitment for any

purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979).

Generally, when an order for removal of a noncitizen becomes administratively final, the Attorney General must remove the noncitizen "within a period of 90 days." 8 U.S.C. § 1231(a)(1). Detention beyond this 90-day period is allowed only for a reasonable period. *Zadvydas*, 533 U.S. at 701. A period of detainment of six months or less is considered presumptively reasonable. *Id.* However, after six-months, the government bears the burden of rebutting the petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*

Here, the removal period began in 2020 because that is when the order of removal was entered. Over six months have passed since Zeeshan was detained on July 31, 2025. Because over ninety days have passed since he was detained, the *Zadvydas* framework applies. And because his detention has exceeded six months, it is no longer presumptively reasonable, so the respondents bear the burden of rebutting the petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. But the respondents have failed to do so. Indeed, they offer no evidence that would indicate a significant likelihood of removal in the reasonably foreseeable future. *See* ECF No. 11. Therefore, pursuant to *Zadvydas*, Zeeshan must be immediately released.

Accordingly, I grant Zeeshan's first claim for relief—i.e., his due process claim. Because he is entitled to relief under claim one, I decline to address his other three claims on the merits, so they are dismissed without prejudice. And because I order his immediate release based on the petition, his motion for a temporary restraining order is now moot.

### III. Conclusion

IT IS HEREBY ORDERED that Zeeshan's first amended petition for writ of habeas corpus **[ECF No. 9] is granted in part** as set forth in this order. The petition's first claim is granted, and its second, third, and forth claims are dismissed without prejudice.

IT IS FURTHER ORDERED that Zeeshan's motion for a temporary restraining order **[ECF No. 10] is denied as moot.**

IT IS FURTHER ORDERED that the respondents are ordered to release Zeeshan by 6:00 p.m. on February 20, 2026. Zeeshan is to be released from custody and given a notice to appear for a hearing before an immigration judge so he can be placed on an order of supervision consistent with 8 C.F.R. § 241.13(3).

IT IS FURTHER ORDERED that the parties must file a joint status report no later than **February 27, 2026,** advising the status of compliance with this order. The status report must also include the parties' position regarding whether this matter should remain open or can be closed.

Dated: February 19, 2026

_____
Cristina D. Silva
United States District Judge

4