UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Muhammad Zeeshan,

　　　　　　　　Petitioner

v.

Todd Blanche, et al.,

　　　　　　　　Respondents

Case No. 2:25-cv-02613-CDS-DJA

**Amended Order Granting Petitioner's Emergency Motion to Enforce**

[ECF No. 15]

On February 19, 2026, this court granted petitioner Muhammad Zeeshan's amended petition and ordered his immediate release from ICE custody. Order, ECF No. 13. Accordingly, the respondents released Zeeshan the next day. Mot., ECF No. 15 at 2. During his second check-in with ICE thereafter, he was placed into ICE custody purportedly for his imminent removal. *Id.* The respondents provided a removal flight itinerary showing a flight leaving John F. Kennedy airport on June 17th and arriving in Pakistan on June 18th. *Id.* On counsel's information and belief, Zeeshan was transported to the airport but not placed on the removal flight; rather, he was returned to immigration detention, where he spent the night of June 17th. *Id.* Now, Zeeshan moves on an emergency basis for his immediate release, as he is being re-detained with no significant likelihood of removal in the reasonably foreseeable future—the same ground supporting this court's grant of habeas relief—and the government seeks to remove him without notice or an opportunity to be heard. ECF No. 15.

I grant Zeeshan's emergency motion, exercising the inherent authority that district courts have to enforce the terms of their mandates.[1] *See Cahill v. Insider Inc.*, 131 F.4th 933, 938 (9th Cir. 2025). Indeed, this court has already ordered Zeeshan to be released from ICE custody

---

[1] I issue this amended order to clarify the record. The original order (ECF No. 17) inadvertently collapsed his request for an order directing his release from ICE custody because his removal is not reasonably foreseeable and further ordering that he not be removed to a third country without notice or an opportunity to be heard. Emerg. mot. to enforce, ECF No. 15.

because there was no significant likelihood of his removal in the reasonably foreseeable future. *See* Order, ECF No. 13. There is no evidence showing that has changed. As such, for the same reasons set forth in my prior order, Zeeshan's detention is unlawful so he is ordered released.

IT IS THEREFORE ORDERED that Zeeshan's emergency motion **[ECF No. 15] is GRANTED.** The respondents must release Zeeshan within twenty-four hours of this order's entry. Zeeshan is to be released from custody and given a notice to appear for a hearing before an immigration judge so he can be placed on an order of supervision consistent with 8 C.F.R. § 241.13(3).

IT IS FURTHER ORDERED that the respondents must respond to Zeeshan's emergency motion and provide to the court all documentation and notice given to Zeeshan regarding his proposed removal to Pakistan by June 27, 2026.

IT IS FURTHER ORDERED that the respondents may not remove Zeeshan to a third country without first complying with 8 U.S.C. § 1231(b) and the Due Process Clause.

IT IS FURTHER ORDERED that the parties must file a joint status report no later than **July 2, 2026,** advising the status of compliance with this order. The status report must also include the parties' position regarding whether this matter should remain open or can be closed.

Dated: June 29, 2026

_____
Cristina D. Silva
United States District Judge