UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Muhammad Zeeshan, | Case No. 2:25-cv-02613-CDS-DJA |
| Petitioner | **Order Granting Respondents' Emergency Motion for Reconsideration** |
| v. | |
| Todd Blanche, et al., | [ECF No. 19] |
| Respondents[1] | |

On June 18, 2026, this court granted petitioner Muhammad Zeeshan's emergency motion to enforce the courts' prior order. Order, ECF No. 17. The federal respondents then filed a motion for reconsideration of that order pursuant to Federal Rule of Civil Procedure 59(e). Mot., ECF No. 19.[2] Therein, they request vacatur of the June 18th order on the grounds that there is a significant likelihood of removal to Zeeshan's country of citizenship, Pakistan. *Id.* at 1. They argue that they made such a showing in their response to Zeeshan's emergency motion—which they gave Zeeshan a copy of on June 15th and filed with this court on June 18th—by including an emergency passport issued by Pakistan that expires on July 29, 2026. *Id.*

In turn, the court directed the respondents to "file the petitioner's travel documents showing a confirmed travel itinerary, if any, by July 6, 2026." Min. order, ECF No. 22. The respondents timely complied. Status rep., ECF No. 23. The filed travel itinerary shows that Zeeshan is set to be removed to Pakistan on July 9, 2026, by air. Itinerary, Resp's' Ex. A, ECF No. 23-1 at 4. Specifically, it shows that Zeeshan is set to depart from John F. Kennedy International Airport on July 9th, layover in Abu Dhabi, then arrive in Pakistan on July 10th. *Id.*

For the reasons set forth below, I grant the motion for reconsideration.

---

[1] Because Pamela Bondi, Kristi Noem, and Michael Bernacke are no longer serving in their capacities as Attorney General, DHS Secretary, and the ICE Field Director, the Clerk of Court will be asked to substitute Todd Blanche, Markwayne Mullin, and Ruben Leyva.

[2] The petitioner opposes the motion. Resp., ECF No. 20.

## I.    Discussion

Under Federal Rule of Civil Procedure 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1(a) (noting that "[a] party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood").

Here, the circumstances warrant reconsideration of the court's June 18th order. The emergency passport combined with the itinerary showing Zeeshan's July 9, 2026 flight to Pakistan show that there is a significant likelihood of Zeeshan's removal in the reasonably foreseeable future. *See, e.g., Tooy v. United States*, 2026 U.S. Dist. LEXIS 14192 (D. Nev. Jan. 21, 2026) (granting respondents' motion for reconsideration because the travel itinerary showed that the petitioner's removal had become reasonably foreseeable). Further, the parties do not dispute that Zeeshan is subject to a final order of removal. His detention is therefore lawful, so his immediate release is not required.

## II.    Conclusion

IT IS HEREBY ORDERED that the respondents' emergency motion for reconsideration **[ECF No. 19] is GRANTED.** An amended version of the June 18th order clarifying the relief with respect to third-country removal has been issued. *See* ECF No. 24.

IT IS FURTHER ORDERED that the respondents must file a status report on July 13, 2026, confirming the status of the petitioner's removal.

The Clerk of Court is kindly instructed to substitute Pamela Bondi, Kristi Noem, and Michael Bernacke with Todd Blanche, Markwayne Mullin, and Ruben Leyva.

Dated: July 2, 2026

_____
Cristina D. Silva
United States District Judge

2